GEO. LEE & WIFE *v.* WM. ARBEGUST, &C.

**Wills—Antipathy Toward Children by Testator.**

A petition attacking a will, charged that the mind of the testator was not self-poised and deliberate, but warped, biased and misled by an insane antipathy as to one of his children; but contained no allegation that the testator was so far insane as to render him incapable of transacting his usual business. Held, in the absence of conflicting evidence, not to be sufficient to overcome the validity of the will.

APPEAL FROM JEFFERSON CIRCUIT COURT.    C. P. DIV.

May 24, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

The contestants of the will of John Arbegust do not pretend that the testator was at any time so far insane as to render him incapable of transacting his usual and ordinary business in a sensible, discreet and prudent manner, nor of taking a survey of his estate, and of the relationship existing between himself, his family and the world, but that as to his daughter Anna R. Lee

his mind was not self poised and deliberate, but warped, biased and misled, by an insane antipathy to her, to such an extent that he could not take a natural view of the relationship, she as his daughter bore to him.

The evidence presented by the record conduces to establish that John Arbegust was a man possessing naturally a strong, active and vigorous mind; that he was a man of considerable culture, nervous, energetic, self-willed and dictatorial; that his anger was easily aroused, his prejudices strong, and his temper unforgiving; that he was violent when thwarted, and abusive to those who questioned his motives or doubted the propriety of the course adopted by him in the transaction of his business or the management of his family affairs: notwithstanding all this, he was a just and upright man, and one whose conclusions were generally not only defensible, but correct and proper, and however much his mind may sometimes have been biased and controlled by prejudice or passion, he, under all circumstances, and at all times, acted from a solemn conviction of right and duty.

It is difficult to conclude that such a man would become so completely enslaved by an unfounded, unnatural and insane antipathy to a dutiful and affectionate daughter, as to be unable after years of conscientious deliberation to free himself therefrom. It seems that John Arbegust became incensed at the husband of Mrs. Lee in 1859. His will was written by himself in 1864, and he did not die until the beginning of the year 1869. During this long period he was a rational, intelligent and discreet man, in the management of his business affairs. He did not forget his son-in-law for defying his will and disregarding his wishes and advice, nor restore to his affection the wife of the man who thus refused to conform to his sense of right and duty, although she was his daughter, but there is nothing in the record justifying the conclusion, that during this time, he was hostile to, or entertained feelings or antipathy towards either his daughter or her husband.

He was doubtless determined that the son-in-law who would not conform to his ultra notions of filial obedience, should not be a recipient of his bounty, and he felt, in view of the independent circumstances of his daughter's husband, that he could in the disposition of his property, execute his "determinations" in this regard, without the slightest danger of exposing his daughter or her children to want or poverty in the future.

His will does not indicate that he felt towards Mrs. Lee the slightest antipathy. She is the first of his children mentioned therein, and the language used shows that notwithstanding his stern "determinations" and his imperious and unbending will, he could not resist so far yielding to his parental feelings, or to devise to her an amount sufficient to convince her that she was still recognized as a daughter.

The will was written altogether by the testator, in his natural and characteristic manner. Its provisions, if not in exact accord-·ance with our view of parental tenderness and justice, are sensible and judicious. The evidence in our opinion fails to overcome the legal presumption of sanity upon the part of the testator. We therefore conclude that the will was · properly probated by the Jefferson County Court; that the finding of the jury upon the trial of the issue in the court of common pleas is true, and we affirm the judgment of said court in the premises.

*Pirtle & Carult, for appellant.*
*Bullock, Caldwell, Arbegust, for appellees.*